**Michael D. PALMER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S02–9012–PC–733.

Supreme Court of Indiana.

June 18, 1991.

Michael D. Palmer, pro se.

Linley E. Pearson, State Atty. Gen. and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

KRAHULIK, Judge.

Appellant–Petitioner, Michael D. Palmer, asks for rehearing from our decision, *Palmer v. State* (1990), Ind., 563 N.E.2d 601, vacating the decision of the Court of Appeals, *Palmer v. State* (1990), Ind.App., 553 N.E.2d 1256, and affirming the trial court's denial of his petition for post-conviction relief. Palmer, in his petition to transfer, had raised several issues which we decided adversely to him. After a reconsideration of the issue of whether his trial and appellate counsel were ineffective in failing to object to and appeal from a jury instruction which incorrectly set forth the elements of voluntary manslaughter, we grant rehearing and summarily affirm the majority opinion of the Court of Appeals.

At the conclusion of Palmer's trial on the charge of murder, the trial court, without objection, instructed the jury that "the essential elements" of the crime of voluntary manslaughter were (1) the voluntary killing of a human being, (2) without malice, and (3) in sudden heat. All agree that this instruction was an erroneous statement of the law because neither lack of malice nor sudden heat were elements of voluntary manslaughter. Lack of malice was discarded as a required element and sudden heat was rendered a mitigating factor by the legislature's definition of voluntary manslaughter in 1977. IND.CODE ANN. § 35–42–1–3 (Burns 1986).

On rehearing, we agree with the majority opinion of the Court of Appeals that Palmer's counsel's failure to object to and appeal from this incorrect instruction rendered their assistance ineffective. Palmer was entitled to have the jury instructed correctly on such an essential rule of law. We, therefore, grant Palmer's petition for rehearing and summarily affirm the majority opinion of the Court of Appeals, reversing the trial court and remanding with instructions to grant Palmer's petition for post-conviction relief.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

GIVAN, J., dissents with opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the granting of rehearing in this case.

The majority takes the position that the giving of the manslaughter instruction was error which entitles appellant to a reversal. As set out in the original majority opinion in this case, it was the opinion of trial counsel that the instruction as given was beneficial to him in making a presentation to the jury that appellant should be found guilty of manslaughter only. This opinion was shared by appellate counsel.

In the opinion of the writer, counsel were correct in their observations. I cannot join in the impugning of the reputation of these attorneys by holding that their representation of appellant was so inadequate as to require the granting of a new trial.