Carl ISOM, Appellant (Petitioner Below),

v.

STATE of Indiana, Appellee (Respondent Below).

No. 49S02–9503–PC–346.

Supreme Court of Indiana.

June 13, 1995.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

SELBY, Justice.

The issue on appeal is whether a jury instruction, which at one point suggests that sudden heat is an element of voluntary manslaughter, constitutes fundamental error. Because the instruction, read in its totality, clearly explains that sudden heat is a mitigator that reduces what would otherwise constitute murder to voluntary manslaughter, we conclude that it is not.

I.

After a jury trial, Isom was convicted of murder and conspiracy to commit murder and sentenced to forty years and thirty years, respectively, with the sentences to run concurrently. Represented by different counsel on direct appeal, Isom argued only that the evidence was insufficient to support the convictions. We affirmed the convictions in *Isom v. State* (1986), Ind., 501 N.E.2d 1074. Isom petitioned for post-conviction relief, claiming that the trial court committed fundamental error in instructing the jury and that both trial counsel and appellate counsel were ineffective in failing to object to and appeal this alleged fundamental error. The petition was denied and, in an unpublished opinion, the court of appeals reversed the denial of post-conviction relief. The State petitioned for transfer. We now grant transfer and affirm the trial court's denial of post-conviction relief.

## II.

■ "In order to rise to the level of fundamental error, the error must constitute a clearly blatant violation of basic and elementary principles, and the harm or potential for harm therefrom must be substantial and apparent." *James v. State* (1993), Ind., 613 N.E.2d 15, 25. A "claim of fundamental error is not viable absent a showing of grave peril and the possible effect on the jury's decision." *Miller v. State* (1993), Ind., 623 N.E.2d 403, 408. We consider the jury instructions "as a whole, and in reference to each other." *Daniel v. State* (1991), Ind., 582 N.E.2d 364, 370, *cert. denied,* — U.S. —, 113 S.Ct. 116, 121 L.Ed.2d 72 (1992).

## III.

The court of appeals held that Isom's trial and appellate counsel ineffectively assisted Isom's defense when they failed to object to and appeal a jury instruction stating that sudden heat was an essential element of voluntary manslaughter.

Instruction No. 9.A, the instruction at issue, provided:

"Included Offense" means an offense that:

(1) Is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or an offense otherwise included therein; or

(3) Differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

. . . .

### VOLUNTARY MANSLAUGHTER

"A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a Class B felony."

The essential elements of this crime are:

1. The knowing or intentional killing
2. Of another human being
3. In a sudden heat

The existence of a sudden heat is a mitigating factor that reduces what otherwise would be murder to voluntary manslaughter. However, this sudden heat must have been brought about by sufficient provocation to excite in the mind of the defendant such emotions as either anger, rage, sudden resentment or terror as may be sufficient to obscure the reason of an ordinary man and to render the defendant incapable of cool reflection.

■ Sudden heat is not an element of voluntary manslaughter. *Palmer v. State* (*Palmer II*) (1991), Ind., 573 N.E.2d 880; *Bane v. State* (1992), Ind., 587 N.E.2d 97, 100. Sudden heat is a mitigating factor that reduces what would otherwise be murder to voluntary manslaughter. Ind.Code § 35–42–1–3(b). *See Palmer II,* 573 N.E.2d at 880; *Bane,* 587 N.E.2d at 100. "[O]nce the issue of sudden heat has been injected into the case, the burden is on the State to negate its existence."[1] *Bane,* 587 N.E.2d at 100.

In *Palmer II,* we held that trial counsel's failure to object to a jury instruction stating that sudden heat was an element of voluntary manslaughter rendered the counsel's assistance ineffective.[2] We also held that the trial court erred by instructing the jury that absence of malice was an essential element, when in fact it was not. As a result, we held that Palmer was entitled to post-conviction relief. 573 N.E.2d at 880.

We subsequently revisited the issue in *Bane,* a direct appeal in which Bane argued that a jury instruction suggesting that sudden heat was an element of voluntary manslaughter constituted fundamental error.

---

**1.** Whether the evidence supports a finding of sudden heat is a question of fact. *Bane,* 587 N.E.2d at 100.

**2.** The instruction held erroneous in *Palmer II* stated that the essential elements of voluntary manslaughter include:

(1) the voluntary killing of a human being,
(2) without malice, and
(3) in sudden heat.

*Palmer II,* 573 N.E.2d at 880.

587 N.E.2d at 99–101. In *Bane*, the jury instruction "at one point suggested to the jury that sudden heat was an element of the crime of voluntary manslaughter. At another point, it cited the voluntary manslaughter statute and informed the jury that the sudden heat was a mitigating factor."[3] *Bane*, 587 N.E.2d at 100–01. We held that "[a]lthough inartfully drafted and, in fact, technically erroneous, the instruction does not constitute fundamental error because it did not deprive the defendant of his due process rights." *Bane*, 587 N.E.2d at 101. We expressly stated that an error in the wording of a voluntary manslaughter instruction may be cured by other instructions given simultaneously to the jury. *Bane*, 587 N.E.2d at 101 n. 1.

■ Likewise, in this case the instruction suggested that sudden heat was an element of voluntary manslaughter. We reject Isom's contention that Instruction No. 9.A is not appreciably different than the instruction in *Palmer II*, because here, as in *Bane*, the jury was expressly instructed that sudden heat acts as a mitigator for reducing what would otherwise be murder to voluntary manslaughter.[4] In its closing argument, the State explained that "the existence of sudden heat, as the Court will instruct you, is a mitigating factor that reduces what would otherwise be Murder to Voluntary Manslaughter." Isom's counsel also closed with a reminder to the jury that sudden heat acts as a mitigator. We thus agree with Judge Darden that Instruction No. 9.A, though it did carry an erroneous suggestion, was not such as to mislead the jury.[5]

We therefore vacate the opinion of the court of appeals and affirm the trial court's denial of post-conviction relief.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.

3. The instruction at issue in *Bane* states in relevant part:

> *Voluntary Manslaughter.* I.C. 35–42–1–3—A person who knowingly kills another human being while acting under sudden heat commits Voluntary Manslaughter, a class B felony.
>
> However, the offense is a class A felony if it is committed by means of a deadly weapon. The existence of sudden heat is a mitigating factor that reduces what otherwise would be Murder to Voluntary Manslaughter.
>
> Thus, under Indiana law, in order to find the Defendant, Clayton Bane, guilty of the offense of Voluntary Manslaughter by Means of a Deadly Weapon in Count II, you the jury must find proof beyond a reasonable doubt of each of the following elements: (1) The Defendant, Clayton Bane; (2) knowingly; (3) killed while acting under sudden heat; (4) Laura Bane; (5) by means of a deadly weapon.
>
> If you find that any of these elements have not been proven beyond a reasonable doubt,

you should find the Defendant not guilty of the offense of Voluntary Manslaughter by Means of a Deadly Weapon, a class A felony, in Count II.

> If you find that the State has proven each of these elements beyond a reasonable doubt, you should find the Defendant guilty of Voluntary Manslaughter by Means of a Deadly Weapon, a class A felony, in Count II.

*Bane*, 587 N.E.2d at 100.

4. Furthermore, as noted in Judge Darden's dissent below, the jury instruction in this case does not wrongly include lack of malice as an element.

5. Based upon our holding that Instruction No. 9.A does not constitute fundamental error, we conclude that Isom's arguments that his trial counsel and his appellate counsel provided ineffective assistance are without merit.