Jason **EICHELBERGER,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–0010–CR–597.**

Supreme Court of Indiana.

Aug. 16, 2002.

---

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Jason Eichelberger, was convicted of the murder of James Beasley in Indianapolis, Indiana. He presents a single issue on appeal, contending that there was insufficient evidence to establish that he "knowingly" killed James Beasley. We affirm.

In addressing a claim of insufficient evidence, an appellate court considers only the probative evidence and reasonable inferences supporting the judgment, without weighing evidence or assessing witness credibility, and determines therefrom whether a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Marcum v. State*, 725 N.E.2d 852, 863 (Ind.2000). The offense of murder is committed when a person "knowingly or intentionally kills another human being." Ind.Code § 35–42–1–1(1). In this case, the State charged that the defendant "knowingly" killed. Record at 24. A person acts "knowingly" if, "when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code § 35–41–2–2(b). Because knowledge is the mental state of the actor, the trier of fact must resort to reasonable inferences of its existence. *Young v. State*, 761 N.E.2d 387, 389

(Ind.2002); *Jernigan v. State*, 612 N.E.2d 609 (Ind.Ct.App.1993). A knowing killing may be inferred from the use of a deadly weapon in a way likely to cause death. *Barker v. State*, 695 N.E.2d 925, 931 (Ind.1998).

 The facts favorable to judgment reveal that on August 17, 1999, James Beasley, Michael Gullett, and the defendant were socializing in the back yard of a residence on East Minnesota Street in Indianapolis. A fight broke out among them, alerting bystanders, who observed Beasley on the ground, and the defendant, holding a knife, standing over him. One bystander called out, "I can't believe you're going to kill him in front of two witnesses," and Beasley escaped. Record at 228–29. He started running, followed by Gullett and the defendant, who still had the knife in hand. The chase ended two blocks away, when Beasley tripped. Gullett was the first to reach him, and knocked him back down as he attempted to rise. The defendant then caught up, and said, "You made me bleed. [N]ow, [expletive deleted], you're going to bleed." Record at 341. He put his left arm around Beasley's neck and underneath his arm, and stabbed Beasley in the chest with the knife. As Gullett and the defendant ran away, Beasley went to a nearby house for help but died of the stab wound, which had punctured his lung and the left ventricle of his heart.

The defendant argues that the evidence was insufficient to prove his awareness of a high probability that he was killing the victim, but rather proved only that he intended a battery.

The defendant initially stood over Beasley with a knife in his hand. When Beasley escaped and started to run, the defendant, armed with the knife, pursued him, caught up with him, and stabbed him in the chest, piercing the victim's lung and heart, resulting in his death. This evidence was sufficient to enable a reasonable jury to find beyond a reasonable doubt that the defendant knowingly killed Beasley.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.