# In the
# Indiana Supreme Court

| | | |
|---|---|---|
| Kevin A. CONNER, | ) | Supreme Court Case No. |
| Petitioner, | ) | 49S00-0504-SD-164 |
| | ) | |
| v. | ) | Marion Superior Court Case No. |
| | ) | 49G01-8801-CF-8449 |
| STATE of Indiana, | ) | |
| Respondent. | ) | |

## PUBLISHED ORDER CONCERNING SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF IN CAPITAL CASE

### Introduction

Petitioner Kevin Conner, having been convicted of three counts of murder and sentenced to death, has had his convictions and sentence affirmed at every level of review multiple times by various courts. Conner now requests permission to litigate additional collateral claims in state court, asserting that the jury was not properly instructed in the guilt phase of his 1988 trial. Because we conclude Conner has not shown a reasonable possibility he is entitled to relief, we deny his request. A date for execution of the death sentence will be set by separate order.

### Background

In the early morning of January 26, 1988, Bruce Voge, Steve Wentland, Tony Moore, and Conner were together at Moore's house in Indianapolis, drinking alcohol. Three of the men (Wentland, Moore and Conner) went for a drive. While still in the vehicle, Moore argued with Wentland, and stabbed him. When Wentland left the vehicle and ran, Moore pursued him in the vehicle and Connor followed on foot. Moore struck Wentland with the vehicle. Conner beat Wentland and stabbed him multiple times. Conner and Moore left the mortally wounded Wentland and drove to Conner's workplace. While there, Conner later told police, he and Moore argued about what they should have done, and Conner shot Moore, killing him. Conner then drove to the house where Voge had remained, and shot Voge as he lay on the couch. Conner disposed of the bodies with the help of friends, then fled. Conner was arrested a few days later in Texas, and returned to Indiana to be tried on three murder charges in the Marion Superior Court.

A jury found Conner guilty of murdering Wentland, Moore and Voge. The State sought the death penalty, alleging the multiple murders as the aggravating factor that rendered Conner eligible for a death sentence. *See* Ind. Code § 35-50-2-9(b)(8). The jury unanimously recommended a death sentence. The Marion Superior Court followed the jury's recommendation and sentenced Conner to death.

The convictions and sentence were affirmed on direct appeal in Conner v. State, 580 N.E.2d 214 (Ind. 1991), *cert. denied*, 503 U.S. 946, *reh'g denied* 504 U.S. 936 (1992). The trial

court's judgment denying relief in collateral state post-conviction proceedings was affirmed on appeal in Conner v. State, 711 N.E.2d 1238 (Ind. 1999), *reh'g denied*, *cert. denied* 531 U.S. 829 (2000). The federal district court denied a petition for writ of habeas corpus in Conner v. Anderson, 259 F. Supp. 2d 741 (S.D. Ind. 2003), *affirmed in* Conner v. McBride, 375 F.3d 643 (7th Cir. 2004), *reh'g and reh'g en banc denied*, *cert. denied*, 125 S.Ct. 1399, 543 U.S. ___ (Feb. 28, 2005), *reh'g denied*, 125 S.Ct. 1930, 543 U.S. ____ (Apr. 25, 2005).

Conner has thus completed the review of the convictions and death sentence to which he is entitled as a matter of right.

Conner now asserts he is entitled to a new trial because the jury was not properly instructed at his 1988 trial. By counsel, he has filed an "Amended Request for Permission to File Successive Post-Conviction Relief Petition" and has tendered a proposed "Amended Verified Successive Petition For Post-Conviction Relief." The State filed a "Verified Response in Opposition to Request For Permission to File Successive Petition For Post-Conviction Relief" and Conner was allowed to file "Petitioner's Verified Reply to State's Verified Response in Opposition to Request For Permission to File Successive Petition For Post-Conviction Relief."

We have jurisdiction because Conner is sentenced to death. *See* Ind. Appellate Rule 4(A)(1)(a).

### Our Post-Conviction Rules

Conner has already availed himself of our rule that permits a person convicted of a crime in an Indiana state court one collateral review of a conviction and sentence in a post-conviction proceeding. *See* Ind. Post-Conviction Rule 1. As indicated above, Conner lost; the trial court entered judgment against him and we affirmed that judgment on appeal.

To litigate another or "successive" post-conviction claim, Conner needs our permission. We will authorize such a proceeding to go forward only "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P-C.R. 1 § 12(b). In deciding whether Conner has made the required showing, we consider the applicable law, the petition, materials from his prior appeals and post-conviction proceedings including the record, briefs and court decisions, and any other material we deem relevant. *See id.*

### The Claims

**1. Voluntary manslaughter instruction.** With respect to the killings of Wentland and Moore, Conner asserts an instruction on voluntary manslaughter should have been given, and the instruction on the elements of murder was defective because it did not say the State had the burden of disproving that Conner acted with sudden heat. This claim is procedurally defaulted, has otherwise previously been decided against Conner, and even had the instructions been given, the evidence against Conner was such that the trial would have nonetheless resulted in the multiple murder convictions.

Conner's claim is that the jury should have been instructed on "sudden heat." Sudden heat is a mitigating factor that reduces the crime of murder to voluntary manslaughter. *See* I.C. § 35-42-1-1 (a person who knowingly or intentionally kills another human being commits murder)

2

and I.C. § 35-42-1-3 (a person who knowingly or intentionally kills another human being while acting under "sudden heat" commits voluntary manslaughter). Sudden heat occurs when a defendant is provoked by anger, rage, resentment, or terror, to a degree sufficient to obscure the reason of an ordinary person, prevent deliberation and premeditation, and render the defendant incapable of cool reflection. *See, e.g.,* Stevens v. State, 691 N.E.2d 412, 426-27 (Ind. 1997); Baird v. State, 604 N.E.2d 1170, 1178 (Ind. 1992). Sudden heat excludes malice, and neither mere words nor anger, without more, provide sufficient provocation. *See, e.g.,* Stevens, 691 N.E.2d at 426-27; Matheney v. State, 583 N.E.2d 1202, 1205 (Ind. 1992). The State must prove the absence of sudden heat to obtain a murder conviction when the defendant has asserted the issue at trial, but it is well-settled in Indiana that there is no implied element of the absence of sudden heat on a murder charge. *See, e.g.,* Palmer v. State, 425 N.E.2d 640, 644 (Ind. 1981).

Conner's free-standing claim of instructional error, raised at this late stage, is procedurally defaulted. The proper time for Conner to have raised the issue was at trial, but he did not request an instruction on voluntary manslaughter or object to the murder instruction that was given. Instructional errors are generally unavailable on appeal unless the error is preserved at trial. *See* Ben-Yisrayl v. State, 729 N.E.2d 102, 110 (Ind. 2000). Despite not preserving the issue at trial, Conner might have argued in the direct appeal that the absence of instruction on sudden heat was "fundamental error," but he did not. Claims of fundamental error must be brought at the proper time or they are procedurally defaulted. *See, e.g.,* Sanders v. State*,* 765 N.E.2d 591, 592 (Ind. 2002); Canaan v. State, 683 N.E.2d 227, 235-36 n.6 (Ind. 1997). Furthermore, Conner makes no assertion that this claim was not known and available to him in prior proceedings. To the extent Conner argues we must allow him to litigate a claim of fundamental error at this point after his direct appeal and post-conviction appeal, he is simply wrong.

Even were we to address the claim as one of fundamental error, as Conner urges us to do, we would not decide that Conner is entitled to a new trial. Unlike the cases Conner cites, *see, e.g.,* Harrington v. State, 516 N.E.2d 65, 66 (Ind. 1987), and Sanders v. Cotton, 398 F.3d 572, 577 (7th Cir. 2004), Conner's jury did not receive erroneous instructions on sudden heat or the State's burden of proof. The instruction on murder that was given correctly stated the elements of murder. We agree with the assessment of the federal courts that the trial would have resulted in three murder convictions even if the jury had been instructed on sudden heat. *See* Conner v. McBride, 375 F.3d at 665. In short, we would conclude that Conner has not shown anything approaching the kind of blatant violation that might warrant permitting a successive petition.

In addition, we rejected the instructional error claim on the merits in the first state post-conviction proceeding, where it was raised as a claim of substandard attorney performance. *See* Conner v. State, 711 N.E.2d at 1250 (determining that defense counsel could have reasonably decided to seek acquittal on the murder charge rather than arguing for the lesser offense of voluntary manslaughter). The federal courts rejected this claim, too. *See* Conner v. McBride, 375 F.3d at 665 (concluding Conner had failed to demonstrate that the jury would not have convicted him of murder even if an instruction on sudden heat had been given). Thus, to the extent his present claim is the same as raised before, the claim was decided adverse to Conner and is barred by the doctrine of *res judicata*. *See, e.g.,* Rouster v. State*,* 705 N.E.2d 999, 1003 (Ind. 1999).

3

To the extent Conner claims his post-conviction counsel did not provide effective assistance, Conner fails to state a cognizable claim. *See* <u>Graves v. State</u>, 823 N.E.2d 1193, 1195-97 (Ind. 2005) (discussing the standard in Indiana state courts for reviewing counsel's performance in post-conviction proceedings); <u>Baum v. State</u>, 533 N.E.2d 1200, 1201 (Ind. 1989) ("We adopt the standard that if [post-conviction] counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington*.").

Conner has not met his burden of showing a reasonable possibility he is entitled to relief on the claim concerning a sudden heat instruction.

**2. Intoxication instruction.** Conner claims he did not receive a fair trial because the instructions on the voluntary intoxication defense did not inform the jury that the State had the burden of disproving the defense.

This claim is procedurally defaulted because Conner did not object to the voluntary intoxication instructions or tender his own at trial. *See, e.g.,* <u>Ben-Yisrayl</u>, 729 N.E.2d at 110 (instructional error is generally unavailable on appeal unless preserved at trial). In addition, no argument with respect to the instructions as fundamental error or otherwise was raised in the direct appeal. *See, e.g.,* <u>Sanders</u>, 765 N.E.2d at 592 (claim of fundamental error is defaulted unless brought at the appropriate time).

In any event, we rejected this claim of instructional error when it was raised in the post-conviction appeal. *See* <u>Conner</u>, 711 N.E.2d at 1246-47 (discussing procedural default with respect to instructional error); *id.* at 1250 (rejecting on the merits Conner's related claim of substandard performance by his lawyers). The federal courts, too, determined the claim of instructional error had been procedurally defaulted. *See* <u>Conner v. McBride</u>, 375 F.3d at 666-68.

Even were we to address the merits, we would conclude Conner has not met his burden of showing a reasonable possibility that he is entitled to relief. There was evidence Conner was intoxicated the night of the murders. The jury was instructed that, although voluntary intoxication did not excuse commission of a crime, intoxication could be a defense if it was so extreme that the defendant could not form the requisite intent (knowing or intentional) required for murder. This was an accurate statement of the law. *See, e.g.,* <u>Fowler v. State</u>, 526 N.E.2d 1181, 1182 (Ind. 1988). The jury was also instructed that the State had the burden to prove Conner knowingly or intentionally killed each victim. Viewing the jury instructions in their entirety, the instructions adequately advised the jury about the intoxication defense and the State's burden. Conner was not deprived of a fair trial. The cases Conner cites do not compel a different result because they involved erroneous instructions given at trial. *See* <u>Powers v. State</u>, 540 N.E.2d 1225, 1226-27 (Ind. 1989); <u>Fowler v. State</u>, 526 N.E.2d at 1182-83.

**3. Trial court bias.** Finally, Conner claims the trial court "abandoned its mantel of neutrality when it sua sponte chose to instruct the jury on the defense of intoxication."

This claim of trial court bias was not raised at trial or in Conner's earlier appeals, and is therefore procedurally defaulted. *See* Boesch v. State, 778 N.E.2d 1276, 1279 (Ind. 2002).

Even were we to address the merits, however, there is no evidence of bias. There was evidence Conner was intoxicated the night of the murders, and the jury was instructed on the intoxication defense. Conner acknowledges he was entitled to an instruction on voluntary intoxication and the instruction might have helped him. He cites no authority supporting his claim of bias. Instructing on voluntary intoxication but not voluntary manslaughter in this case is not evidence of bias. Conner has not shown a reasonable possibility he would be entitled to relief.

**Conclusion**

Conner has not met his burden of establishing a reasonable possibility that he is entitled to post-conviction relief. Accordingly, we decline to authorize the filing of a successive petition for post-conviction relief.

Because Conner has already received extensive judicial review of his death sentence and there is pending before us the State's motion requesting that a date be set for execution of the death sentence, any request for rehearing must be prompt. Rehearing should not be sought if Conner intends merely to raise the same arguments we have already addressed. If he does petition for rehearing, however, the petition must be physically filed with the Clerk no later than June 23, 2005. The State's response must be physically filed with the Clerk no later than July 1, 2005.

The Clerk is directed to send a copy of this order to counsel of record and to West Group for publication in the bound volumes of this Court's decisions.

Done at Indianapolis, Indiana, this 16th day of June, 2005.

/s/      Randall T. Shepard
Chief Justice of Indiana

Shepard, C.J., and Dickson, Sullivan, Boehm and Rucker, JJ., concur.

5