## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**APPELLANT, PRO SE**

Jason Eichelberger
Carlisle, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Eichelberger,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Defendant.*

December 15, 2017

Court of Appeals Case No.
49A04-1602-PC-395

Appeal from the Marion Superior Court

The Honorable Kurt M. Eisgruber, Judge

Trial Court Cause No.
49G01-9908-PC-143245

**Pyle, Judge.**

## Statement of the Case

Jason Eichelberger ("Eichelberger") appeals the denial of his petition for post-conviction relief. Finding no error, we affirm the post-conviction court's denial of Eichelberger's petition.

We affirm.

## Issue

The sole issue for our review is whether the post-conviction court erred in denying Eichelberger's petition for post-conviction relief.

## Facts

The underlying facts in this case, taken from the Indiana Supreme Court's opinion in Eichelberger's first direct appeal, are as follows:

> [O]n August 17, 1999, James Beasley, Michael Gullett, and the defendant were socializing in the back yard of a residence on East Minnesota Street in Indianapolis. A fight broke out among them, alerting bystanders, who observed Beasley on the ground, and the defendant, holding a knife, standing over him. One bystander called out, "I can't believe you're going to kill him in front of two witnesses," and Beasley escaped. He started running, followed by Gullett and the defendant, who still had the knife in hand. The chase ended two blocks away, when Beasley tripped. Gullett was the first to reach him, and knocked him back down as he attempted to rise. The defendant then caught up, and said, "You made me bleed. [N]ow, [expletive deleted], you're going to bleed." He put his left arm around Beasley's neck and underneath his arm, and stabbed Beasley in the chest with the knife. As Gullett and the defendant ran away, Beasley

> went to a nearby house for help but died of the stab wound,
> which had punctured his lung and the left ventricle of his heart.

*Eichelberger v. State*, 773 N.E.2d 264, 266 (Ind. 2002) (record citations omitted).

[4]     The State charged Eichelberger with murder. During Eichelberger's 2000 trial, trial counsel tendered an instruction on voluntary manslaughter, which the trial court gave over the State's objection. The jury convicted Eichelberger as charged, and the trial court sentenced him to fifty-five (55) years. On direct appeal, Eichelberger challenged the sufficiency of the evidence supporting his conviction. The Indiana Supreme Court concluded that the evidence was sufficient to support Eichelberger's conviction and affirmed it. *Id.*

[5]     Eichelberger later filed a petition for post-conviction relief arguing that his trial counsel was ineffective because counsel had "tendered a flawed instruction on voluntary manslaughter and failed to ensure that the jury was properly instructed as to the elements of murder." (First Post-Conviction App. 47). The post-conviction court denied Eichelberger's petition. However, this Court reversed the denial of the petition after concluding that Eichelberger's counsel had "failed to ensure that the jury was properly instructed that the absence of sudden heat is an element of murder on which the State bears the burden of proof." *Eichelberger v. State*, 852 N.E.2d 631, 639 (Ind. Ct. App. 2006), *trans. denied*. On remand, the trial court vacated Eichelberger's conviction and ordered a new trial.

[6] Eichelberger's second jury trial began in May 2007. Eichelberger testified that, on the day of Beasley's murder, he wanted to get high so he began huffing a substance called toluene. Eichelberger testified that the toluene affected him "dramatically" and that it caused his mind to feel like it was "all over the place." (Second Trial Tr. 459-60). At the close of the evidence, the trial court informed the parties that it was including a final jury instruction on voluntary intoxication that provided as follows:

> Voluntary intoxication is not a defense to a charge of Murder. You may not take voluntary intoxication into consideration in determining whether the defendant acted intentionally, knowingly, [or] recklessly as alleged in the information.

(Second Appeal App. 222). Eichelberger's counsel did not object to the instruction. The jury convicted Eichelberger of murder, and the trial court sentenced him to fifty-five (55) years.

[7] In his second direct appeal, Eichelberger argued that the trial court had abused its discretion by giving the voluntary intoxication instruction. Because Eichelberger's trial counsel had not objected to the instruction and did not argue on appeal that the giving of the instruction constituted fundamental error, we concluded that the issue was waived. *Eichelberger v. State*, No. 49A04-0706-CR-331, slip op. at 2 (Ind. Ct. App. February 8, 2008).

[8] We further concluded that, waiver notwithstanding, the trial court did not err by instructing the jury on voluntary intoxication because the instruction was a

correct statement of the law supported by evidence in the record. *Id.* We specifically explained as follows:

> Here, the trial court did not err by instructing the jury on voluntary intoxication because the instruction was a correct statement of the law supported by evidence in the record. Indiana Code Ann. § 35–41–3–5 (West, PREMISE through 2007 1st Regular Sess.) explains that intoxication is only a defense if the intoxication results from the introduction of a substance into the defendant's body (1) without his consent; or (2) when he did not know that the substance might cause intoxication. Eichelberger testified that on the day he stabbed Beasley he wanted to get high so he huffed toluene. Eichelberger does not assert that the introduction of the toluene into his body was without his consent or that he did not know the toluene would cause intoxication. Therefore, the trial court properly instructed the jury that in this case Eichelberger's voluntary intoxication was not a defense to the charge of murder.

*Id.* Accordingly, we affirmed Eichelberger's murder conviction. *Id.*

[9] Thereafter, Eichelberger filed an amended petition for post-conviction relief in July 2011 wherein he argued that trial counsel was ineffective because he had failed to object to the jury instruction on voluntary intoxication. Eichelberger also argued that appellate counsel was ineffective because she had failed to argue that the giving of the voluntary intoxication instruction was fundamental error.

[10] Following a hearing, the post-conviction court issued a detailed order denying Eichelberger's petition. Eichelberger appeals the denial of his post-conviction petition.

# Decision

[11] At the outset, we note that Eichelberger proceeds *pro se*. A litigant who proceeds *pro se* is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed*. One risk a litigant takes when he proceeds *pro se* is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id.* When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 502 (Ind. Ct. App. 2006).

[12] We now turn to the merits of Eichelberger's argument that the post-conviction court erred in denying his petition. Defendants who have exhausted the direct-appeal process may challenge the correctness of their convictions and sentences by filing a petition for post-conviction relief. *Stevens v. State,* 770 N.E.2d 739, 745 (Ind. 2002), *reh'g denied.* Post-conviction proceedings are not an opportunity for a "super-appeal," and not all issues are available. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *reh'g denied.* Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. Ind. Post-Conviction Rule 1(1); *Timberlake,* 753 N.E.2d at 597. In post-conviction proceedings, complaints that something went awry at trial are cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal. *Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002).

[13] Post-conviction proceedings are civil proceedings, requiring the petitioner to prove his claims by a preponderance of the evidence. *Stevens,* 770 N.E.2d at 745. We review the post-conviction court's legal conclusions *de novo* but accept its factual findings unless they are clearly erroneous. *Id.* at 746. We will not reweigh the evidence or judge the credibility of the witnesses; we examine only the probative evidence and reasonable inferences that support the decision of the post-conviction court. *Stephenson v. State,* 864 N.E.2d 1022, 1031 (Ind. 2007), *reh'g denied.* The petitioner must establish that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Smith v. State,* 770 N.E.2d 290, 295 (Ind. 2002).

[14] A defendant claiming that his attorney was ineffective must show by a preponderance of the evidence that: (1) counsel's performance fell below the objective standard of reasonableness based on "prevailing" professional norms; and (2) the defendant was prejudiced by this substandard performance, *i.e.*, there is a "reasonable probability" that, but for counsel's errors or omissions, the outcome of the case would have been different. *Stephenson*, 864 N.E.2d at 1031.

[15] Here, Eichelberger argues that trial counsel was ineffective because he failed to object to the voluntary intoxication instruction and that appellate counsel was ineffective because she failed to argue that the giving of the voluntary intoxication constituted fundamental error. The State responds that these arguments are barred by the doctrine of *res judicata*. We agree with the State.

[16] As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of *res judicata* applies. *Jervis v. State*, 28 N.E.3d 361, 368 (Ind. Ct. App. 2015), *trans, denied*. The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. *Id.* A post-conviction petitioner cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define the alleged error. *Id.* Where an issue, although differently designated, was previously considered and determined in a criminal defendant's direct appeal, the State may defend against the defendant's post-conviction relief petition on grounds of prior adjudication or *res judicata*. *Id.*

[17] In his second direct appeal, Eichelberger argued that the trial court had abused its discretion by giving the voluntary intoxication instruction. This Court found that the issue was waived because trial counsel had not objected to the issue and because appellate counsel had not argued that the giving of the instruction was fundamental error. *Eichelberger*, No. 49A04-0706-CR-331, slip op. at 2. However, we further concluded that waiver notwithstanding, the trial court had not abused its discretion because the instruction was a correct statement of the law supported by evidence in the record. *Id.* Because Eichelberger's claim of instructional error was fully litigated in his second direct appeal, his effort to redesignate and repackage it as ineffective assistance of trial and appellate counsel claims is barred by *res judicata*. *See Jervis*, 28 N.E.3d at 368-69. Accordingly, the post-conviction court did not err in denying Eichelberger's petition.

[18]    Affirmed.

[19]    May, J., and Brown, J., concur.