## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2020, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Kenneth Allen Welches
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Allen Welches,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 30, 2020

Court of Appeals Case No.
19A-PC-2361

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1709-PC-35

**Pyle, Judge.**

# Statement of the Case

Kenneth Welches ("Welches"), pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. In his post-conviction petition, Welches argued that the trial court abused its discretion when it excluded evidence and that the State and trial court made improper comments regarding the burden of proof during voir dire. Concluding that Welches' arguments on appeal are waived because the issues were known and available, but not raised on direct appeal, we affirm the post-conviction court's judgment.

We affirm.

# Issue

> Whether Welches' post-conviction free-standing claims are waived.

# Facts

In January 2013, the State charged Welches with two counts of Class C felony child molesting, based on the molestation of his granddaughter. In October 2015, a jury found Welches guilty as charged. At the ensuing sentencing hearing, the trial court imposed two consecutive eight (8) year sentences. Thereafter, on direct appeal, Welches presented three issues: (1) whether the trial court abused its discretion when it denied Welches' motion to have a seated juror switched to an alternate juror position; (2) whether the trial court abused its discretion in admitting into evidence two photographs of the victim;

and (3) whether there was sufficient evidence to support his conviction. *Welches v. State*, No. 71A05-1512-CR-2249, slip op. at 1 (Ind. Ct. App. Sept. 13, 2016). This Court affirmed Welches' convictions.

[4] In September 2017, Welches filed a pro se petition for post-conviction relief, which was amended in February 2018 and again in June 2018. In his amended petition, Welches argued that he was denied: (1) effective assistance of counsel, claiming that his trial counsel "failed to investigate the Petitioner's defense and present evidence that supported that defense at trial[;]" and (2) a fair trial before a fair and unbiased judge and jury, claiming that the State and trial court "embellished" the definition of beyond a reasonable doubt. (App. Vol. 2 at 59, 69). At the ensuing evidentiary hearing, the post-conviction court informed Welches that his sole witness, who had served as his trial and appellate attorney, was unavailable. The trial court suggested, and Welches agreed, that instead of rescheduling the evidentiary hearing, that Welches forego the hearing and proceed by affidavit.

[5] In December 2018, Welches filed an affidavit in support of his petition. Thereafter, the State submitted proposed findings of fact and conclusions of law. In August 2019, the post-conviction court issued its findings of fact and conclusions thereon denying Welches' petition for post-conviction relief. Welches now appeals.

## Decision

[6]     Initially, we note that Welches proceeds pro se. It is well-settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied.* Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* We now turn to the merits of Welches' argument that the post-conviction court erred in denying his petition.

[7]     Post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) (citing Ind. Post-Conviction Rule 1(1)). "If an issue was known and available, but not raised on direct appeal, it is waived." *Id.*

[8]     Here, Welches raises two issues that are not properly before our Court in a post-conviction proceeding. Welches argues that the trial court abused its discretion by excluding evidence and that the State and trial court made improper comments regarding the burden of proof made during voir dire. These claims, however, were available, but not raised on direct appeal. Accordingly, we will not address these arguments as freestanding claims. *See Conner v. State*, 829 N.E.2d 21, 26 (Ind. 2005) (holding that the petitioner's post-conviction claim "of trial court bias was not raised at trial or in [the petitioner's] earlier appeal, and [was] therefore procedurally defaulted"). As such, Welches' claims are barred by waiver. The post-conviction court did not err in denying Welches' petition.

Affirmed.

Bradford, C.J., and Baker, J., concur.