**Anthony SANDERS, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

**No. 49S02–0204–PC–223.**

Supreme Court of Indiana.

April 3, 2002.

Susan K. Carpenter, Public Defender of Indiana, Ruth Johnson, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Adam M. Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Anthony Sanders was convicted of dealing in cocaine during a 1991 trial and found to be an habitual offender. The Court of Appeals affirmed. *Sanders v. State,* No. 49A02–9112–CR–563, slip op., 597 N.E.2d 390 (Ind.Ct.App. July 30, 1992).

Sanders sought post-conviction relief, asserting that the form of the habitual

offender instruction was fundamental error and that trial and appellate counsel had been ineffective in failing to raise the error. The post-conviction court ruled against Sanders on both contentions.

The Court of Appeals reviewed the merits of both claims. It held that there had been no fundamental error and that counsel had not been ineffective. *Sanders v. State,* No. 49A02–0104–PC–202, slip op., 759 N.E.2d 278 (Ind.Ct.App. Oct. 31, 2001).

■■ It was wrong to review the fundamental error claim in a post-conviction proceeding. As we explained in *Canaan v. State,* 683 N.E.2d 227, 235 n. 6 (Ind.1997), the fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal.

We summarily affirm the Court of Appeals with respect to ineffective assistance of counsel. Ind. Appellate Rule 58(A)(2).

The post-conviction court is affirmed.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., concurs in result.