Anthony D. DAVIS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 20A05–0203–PC–142.

Court of Appeals of Indiana.

Oct. 3, 2002.

---

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellant-petitioner Anthony D. Davis appeals from the denial of his petition for post-conviction relief. Specifically, he contends that both trial and appellate counsel were ineffective and that several instructions tendered to the jury along with an "Allen" charge [1] were improper and constituted fundamental error. Concluding that the post-conviction court properly denied Davis's request for relief, we affirm.

### FACTS

The facts of this case, as reported in Davis's direct appeal are as follows:

On February 21, 1994, and again on February 23, 1994, Davis sold over three grams of cocaine to an undercover police officer. Davis was charged with two counts of delivery of cocaine on March 30, 1994. The Public Defender's Office was originally appointed to represent Davis and R. Brent Zook began representation of Davis at a bond reduction hearing.

On July 6, 1994, Illinois attorney Ernest D. Borgess, Jr., and Indiana attorney Elizabeth D. Tate filed a written appearance and substitution of counsel on behalf of Davis. Tate withdrew from the case on December 29, 1994, and Borgess was ordered to have Indiana counsel appear within 30 days. As of February 9, 1995, Borgess had failed to retain local counsel, and the court set the case, after two continuances by Borgess, for a status conference on March 16, 1995. On March 2, 1995, the court appointed Zook as interim local counsel. At the status conference Borgess moved to withdraw his appearance, and the motion was set for hearing on April 20, 1995. Borgess failed to appear at the hearing, and the court denied the motion to withdraw.

After a continuance, the case was set for trial on February 19, 1996. Borgess failed to appear at trial, and Davis chose to proceed to trial represented by Zook rather than requesting another continuance. The jury found Davis guilty on both counts of delivery of cocaine. [Thereafter, Davis was sentenced to concurrent terms of forty years].

*Davis v. State,* No. 20A05–9606–CR–245, slip op. at 2, 680 N.E.2d 20 (Ind.Ct.App. May 2, 1997). In the direct appeal, we rejected Davis's claims of ineffective assistance of counsel and affirmed his convictions. *Id.* at 5.

On March 26, 2001, Davis filed an amended petition for post-conviction relief,[2] claiming that his right to trial counsel was violated when his request to have local co-counsel appointed to represent him at trial was refused. In a related issue,

---

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

2. Davis filed a pro se petition for post-conviction relief on July 18, 1997. Appellant's App. p. 5.

Davis contended that he was denied the right to the effective assistance of counsel when the trial court forced Davis either to proceed to trial with interim local co-counsel or accept another continuance of at least six months. Davis further alleged that his court appointed counsel was ineffective for failing to: 1) sufficiently investigate the case; 2) appear for pretrial conferences; and 3) adequately confer with Davis or the interim co-counsel prior to trial.

Davis also raised a number of errors regarding alleged improper instructions, and further asserted that his rights to due process were violated and that fundamental error occurred "when the trial court issued a modified 'Allen charge' to the jury prior to the jury's deliberations that improperly commented on the evidence and had a coercive effect on the jury reaching a verdict." Appellant's App. p. 62. Finally, Davis alleged that his appellate counsel was ineffective for failing to raise these issues on direct appeal.

The hearing was held on Davis's petition on November 30, 2001, at which time his request for post-conviction relief was denied on the basis that "the matters raised by the Defendant are *res judicata* having been ruled on by the court of Appeals." Appellant's App. p. 88. Davis now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

We initially observe that Indiana "law allows defendants to raise [only] a narrow set of claims through a petition for post-conviction relief." *Allen v. State,* 749 N.E.2d 1158, 1163 (Ind.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1925, 152 L.Ed.2d 832 (2002). "The scope of relief provided for in these procedures is limited to 'issues that were not known at the time of the original trial or that were not available on direct appeal.'" *Id.* (quoting *Ben-*

*Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164, 122 S.Ct. 1178, 152 L.Ed.2d 120 (2002)). "Issues available but not raised on direct appeal are waived, while issues litigated adversely to the defendant are res judicata." *Id.*

■ The post-conviction petitioner bears the burden of establishing his grounds for relief by a preponderance of evidence. *Blunt Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999); Ind. Post Conviction Rule 1(5). On review, this court may consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court, which is the sole judge of the evidence and the credibility of the witnesses. *Blunt Keene,* 708 N.E.2d at 19. To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.*

■ We also note that ordinarily, "the failure to object at trial results in waiver of the issue on appeal." *Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000). That being said, "a party may escape waiver of an issue, for failure to object, if the claimed error is fundamental in nature." *Charlton v. State,* 702 N.E.2d 1045, 1051 (Ind.1998). Our supreme court has recently observed, however, that claims of fundamental error should not be raised during a post-conviction proceeding. *Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002). "The fundamental error exception to the contemporaneous objection rule applies to direct appeals. In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* Accordingly, freestanding

fundamental error claims in a post-conviction petition may not be raised. *See Martin v. State*, 760 N.E.2d 597, 599 (Ind.2002) (holding that freestanding claim that the trial court committed fundamental error in giving a jury instruction after deliberations had begun was unavailable in post-conviction proceedings).

■ Finally, our supreme court has recognized that the doctrine of res judicata serves as an absolute bar to reconsideration of a claim that has already been reviewed. *Ben–Yisrayl*, 753 N.E.2d at 656. This doctrine prevents repetitious litigation of what are essentially the same disputes and applies when there has been a final judgment on the merits that has been entered by a court of competent jurisdiction. *Sweeney v. State*, 704 N.E.2d 86, 94 (Ind.1998).

## II. Davis's Claims

### A. Fundamental Error

■ In this appeal, Davis raises three claims of fundamental error: 1) the denial of the right to counsel; 2) his election to proceed to trial with an unprepared appointed counsel; and 3) the giving of a modified "Allen" charge to the jury prior to deliberations. In essence, Davis contends that he is entitled to a new trial because such alleged errors violated his due process rights and were presumptively prejudicial to him such that the results of the proceedings were fundamentally unreliable. Appellant's Br. p. 7–8.

■ In addressing these contentions, we note that such fundamental error claims are not available in post-conviction proceedings. As noted above, our supreme court in *Sanders* determined that the fundamental error exception to the contemporaneous objection rule applies to direct appeals. *Sanders*, 765 N.E.2d at 592; *see also Martin*, 760 N.E.2d at 599. A fundamental error claim should not even be reviewed in a post-conviction setting.

*Sanders*, 765 N.E.2d at 591. Thus, Davis's claims of fundamental error with respect to these claims may not survive as freestanding issues, and we decline to review them as such.

### B. Ineffective Assistance of Trial Counsel

■ Davis next raises a number of ineffective assistance of trial counsel claims in this appeal. However, we note that Davis challenged the effectiveness of his counsel on direct appeal.

■ In *Woods v. State*, our supreme court determined that a defendant who raises a claim of ineffective assistance of trial counsel on direct appeal is foreclosed from subsequently relitigating that claim. 701 N.E.2d 1208, 1220 (Ind.1998). More specifically, "ineffective assistance of trial counsel is not available in postconviction if the direct appeal raises any claim of deprivation of Sixth Amendment right to counsel." *Id.* Issues previously decided adversely to a petitioner's position are res judicata and not subject to further examination. *Ford v. State*, 755 N.E.2d 1138, 1145 (Ind.Ct.App.2001), *trans. denied*.

Here, it is apparent that Davis is attempting to do precisely what *Woods* forbids. Davis may not, once again, argue ineffectiveness of his trial counsel when he already presented that argument on direct appeal.

### C. Ineffective Assistance of Appellate Counsel

■ Davis next claims that appellate counsel was ineffective for failing to fully and properly raise and support various claims of ineffective assistance of his trial counsel on direct appeal. In essence, Davis urges that the failure of his appellate counsel to raise the issues set forth above is per se deficient performance because they constituted significant and obvi-

ous issues that would have entitled him to relief.

■ In *McCary v. State*, 761 N.E.2d 389, 393 (Ind.2002), our supreme court reiterated the burden that a party must establish with regard to a claim of ineffective assistance of appellate counsel:

"When the claim of ineffective assistance is directed at appellate counsel for failing fully and properly to raise and support a claim of ineffective assistance of trial counsel, a defendant faces a compound burden on postconviction. The postconviction court must conclude that appellate counsel's performance was deficient and that, but for the deficiency of appellate counsel, trial counsel's performance would have been found deficient and prejudicial. Thus, [the petitioner's] burden before the postconviction court was to establish the two elements of ineffective assistance of counsel separately as to both trial and appellate counsel."

*Id.* (alteration added) (quoting *Timberlake v. State*, 753 N.E.2d 591, 604 (Ind.2001)). An appellate ineffectiveness assertion challenging the quality of counsel's actual presentation of a claim must "overcome the strongest presumption of adequate assistance." *Bieghler v. State*, 690 N.E.2d 188, 196 (Ind.1997).

■ Davis posits that appellate counsel should not have challenged the effectiveness of trial counsel on direct appeal, but rather should have waited for the fact-finding process in a post-conviction proceeding. Appellant's Br. p. 32. Davis, however, failed to present any evidence at the post-conviction hearing to rebut the strong presumption that appellate counsel's decision to raise the effectiveness of trial counsel on direct appeal was a reasonable one. Put another way, we have no testimony by appellate counsel from which to determine whether his alleged ineffectiveness was the result of strategy or over-

sight. *See Heyward v. State*, 769 N.E.2d 215, 220 (Ind.Ct.App.2002). Moreover, at the time of Davis's direct appeal in 1996, *Woods* had not been decided. In that case, our supreme court acknowledged an ambiguity as to when the ineffective assistance of trial counsel should be raised:

Despite the frequency with which challenges to the effectiveness of trial representation appear in postconviction petitions in this State, this court has not conclusively resolved whether waiver of this claim (1) always arises from a failure to raise it on direct appeal, or (2) never does, or (3) turns on whether there was or might have been a need for extrinsic evidence to assess either attorney competence or prejudice.

*Woods*, 701 N.E.2d at 1213. In light of this discussion in *Woods*, it cannot be said that appellate counsel was ineffective for raising the effectiveness of trial counsel on direct appeal prior to our supreme court's clarification of this issue in *Woods*. Additionally, appellate counsel is not deficient if the decision to present "some issues over others was reasonable in light of the facts of the case and the precedent available to counsel when that choice was made." *Bieghler*, 690 N.E.2d at 194. When counsel raised the effectiveness of trial counsel of direct appeal, it was proper to do so. It would likely have been waived in the event that it was not raised because *Woods* had not yet been decided. As a result, Davis has failed to sustain his burden of showing that appellate counsel was ineffective for raising this issue on direct appeal.

There is yet another string to this bow, inasmuch as a panel of this court was recently confronted with a similar issue that Davis presents today. In *Sims v. State*, 771 N.E.2d 734, 741 (Ind.Ct.App. 2002), the appellant had raised the issue of ineffective assistance of trial counsel in his direct appeal. Following the post-convic-

tion hearing, it was determined that Sims was precluded from raising the issue of ineffective trial counsel again in his post-conviction relief petition. *Id.* Specifically, we determined that "[t]he post-conviction court did not err by finding and concluding that Petitioner was precluded from raising issues of ineffective assistance of trial counsel in his post-conviction petition Res judicata bars Petitioner from relitigating this issue in post-conviction proceedings." *Id.* at 742. With respect to Sims's claim of ineffective assistance of appellate counsel, we likewise concluded that because the ineffective assistance of trial counsel issue was barred by res judicata, his argument concerning ineffective assistance of appellate counsel based upon those errors was also defeated. *Id.* at 742–43. As a result, Sims was denied his request for post-conviction relief.

Similarly, Davis had already challenged the effectiveness of his trial counsel on direct appeal. Thus, he could not relitigate that contention and, in accordance with this court's opinion in *Sims,* his argument regarding the ineffective assistance of appellate counsel is necessarily precluded on the grounds of res judicata. As a result, there was no error.

Judgment affirmed.

VAIDIK, J., and BARNES, J., concur.