Jeremy JACKSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 19A05–0211–PC–555.

Court of Appeals of Indiana.

April 16, 2003.

Rehearing Denied May 27, 2003.

Bruce A. Brightwell, Louisville, KY, Bart M. Betteau, New Albany, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Jeremy Jackson, challenges the post-conviction court's denial of his petition for post-conviction relief. Upon appeal, Jackson presents two issues for our review:

(1) whether the post-conviction court erred in concluding that Jackson failed to prove that he did not waive his right to a jury trial; and

(2) whether the post-conviction court's order that a conviction for a Class A misdemeanor be entered against Jackson was error in that it would subject Jackson to conviction of a crime with which he was never charged.

We affirm.

The record reveals that on June 5, 2000, Jackson was charged with Auto Theft involving a component part of an automobile, a Class D felony.[1] On August 1, 2000, Jackson appeared with counsel at a preliminary hearing and advised the trial court that the State had agreed to reduce the charge to a Class A misdemeanor "in exchange for assigning the case as a court trial rather than a jury trial." Appellant's Appendix at 78. The trial court accepted the agreement. On September 27, 2000, the trial court found Jackson guilty, ordered him to pay a $200 fine, and sentenced him to one year, with all but ten days suspended. Jackson filed no direct appeal.

On July 15, 2002, Jackson filed a verified petition for post-conviction relief. A hearing on Jackson's petition was held on September 18, 2002. On October 14, 2002, the post-conviction court entered findings of fact and conclusions of law which concluded as follows:

"IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the Defendant's Petition for Post Conviction Relief is granted in part in that a Judgment of conviction for diversion [sic], a Class A Misdemeanor shall be entered

---

1. Ind.Code § 35–43–4–2.5 (Burns Code Ed. Repl.1998).

in this cause and all other issues are hereby denied." *Id.* at 8.

Jackson appeals from this order denying his petition for post-conviction relief.

Both of the issues presented by Jackson are raised for the first time at the post-conviction level. Jackson did not pursue a direct appeal, nor did he seek to file a belated notice of appeal pursuant to Indiana Post–Conviction Rule 2. The cases cited by Jackson in support of his claim that he did not knowingly and intelligently waive his right to a jury trial involved direct appeals. *See Doughty v. State,* 470 N.E.2d 69 (Ind.1984); *Gonzalez v. State,* 757 N.E.2d 202 (Ind.Ct.App.2001), *trans. denied.*

As a general rule, issues that were or could have been raised upon direct appeal are not available in post-conviction proceedings, as post-conviction is not a "super appeal." *Woods v. State,* 701 N.E.2d 1208, 1213 (Ind.1998), *cert. denied* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999). A post-conviction proceeding is not a substitute for a direct appeal. *Ford v. State,* 755 N.E.2d 1138, 1141 (Ind. Ct.App.2001), *trans. denied;* Ind. Post–Conviction Rule 1(1)(b). Instead, post-conviction procedures create a narrow remedy for a substantial collateral challenge to convictions, which must be based upon grounds enumerated in the post-conviction rules. *Ford,* 755 N.E.2d at 1141.

In the present case, Jackson did not file a direct appeal, nor does he claim this claim would somehow have been unavailable to him had he filed a direct appeal. Neither does Jackson couch his argument in terms of ineffective assistance of counsel. *See Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002). Therefore, we must conclude that the issue of Jackson's waiver of his right to a jury trial is unavailable upon his current petition for post-conviction relief.

Jackson states his second issue as "Because Jackson was never charged with a misdemeanor, the trial court's subsequent finding that he was only convicted of a misdemeanor cannot cure the lack of waiver [of his right to a jury trial]." Appellant's Brief at 6. The post-conviction court concluded that Jackson was aware of and given notice that the charge against him had been reduced from a Class D felony to a Class A misdemeanor. The post-conviction court also concluded that Jackson was convicted of a Class A misdemeanor, and that his waiver of his right to a jury trial was knowingly and voluntarily made.

Upon appeal, Jackson claims that it was fundamental error for the trial court to have convicted him of a crime for which he claims he was never charged. *See id.* Again, however, we are compelled to conclude that this issue is currently not available to Jackson. Jackson failed to file a direct appeal or seek to file a belated appeal pursuant to Post–Conviction Rule 2. As noted above, issues that were or could have been raised upon direct appeal are not available in post-conviction proceedings. *Woods,* 701 N.E.2d at 1213.

Jackson's claim that this error is fundamental does not affect our conclusion. Even claims of fundamental error are generally not cognizable in post-conviction proceedings. In *Sanders,* 765 N.E.2d at 592, our Supreme Court held that it was "wrong" for this court to have reviewed a claim of fundamental error in a post-conviction proceeding. In doing so, the *Sanders* court stated that the fundamental error exception to the contemporaneous objection rule apples to direct appeals, and that, in post-conviction proceedings, "complaints that something went awry at trial are generally cognizable *only* when they show deprivation of

the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* (emphasis supplied). Jackson does not present an issue of ineffective assistance of counsel, nor does he claim that this issue was unavailable to him at the time of trial or direct appeal. Therefore, we conclude that this issue is also unavailable to Jackson.[2]

There being no claim cognizable upon a petition for post-conviction relief, we affirm the judgment of the post-conviction court.

SHARPNACK, J., and KIRSCH, J., concur.

---

2. We recognize that our holding appears to conflict with *Martin v. State*, 480 N.E.2d 548, 549 (Ind.1985), cited by Jackson. In *Martin*, our Supreme Court adopted upon transfer a portion of the underlying opinion of this court which had held, " 'No one has ever challenged the fact that Martin was convicted of a crime with which he was not charged. The fact that his issue was not raised at the trial level, the post-conviction hearing or in this appeal does not permit us to ignore such fundamental error at the appellate level.' " *Id.* (quoting *Martin v. State*, 470 N.E.2d 733, 735 (Ind.Ct.App.1984)). Nevertheless, in *Sanders*, our Supreme Court made it abundantly clear that claims of fundamental error are generally not to be entertained upon appeal of a post-conviction proceeding. 765 N.E.2d at 592. *See also Woodson v. State*, 778 N.E.2d 475 (Ind.Ct.App.2002) (discussing *Bailey v. State*, 472 N.E.2d 1260 (Ind.1985)).