**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 08 2014, 8:23 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ALLEN E. VAUGHN JR.**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ALLEN E. VAUGHN JR., )
　 )
　Appellant-Defendant, )
　 )
　vs. ) No. 49A02-1308-PC-686
　 )
STATE OF INDIANA, )
　 )
　Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT CRIMINAL DIVISION 1
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-0211-PC-277395

**October 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Allen E. Vaughn, Jr., pro se, appeals the denial of his petition for post-conviction relief (PCR), in which he challenged his conviction for battery as class C felony. He presents the following restated issues for review:

1.      Did Vaughn receive ineffective assistance of trial counsel?

2.      Did the trial court err in denying Vaughn's motion to correct error, which addressed the court's denial of his offer of a statement made by the victim to police, on grounds that it was newly discovered evidence?

3.      Were the post-conviction court's findings of fact and conclusions of law adequate?

We affirm.

This court set out the underlying facts in affirming Vaughn's conviction upon direct appeal, as follows:

On October 25, 2002, Jeresa Sanders spent the night drinking with friends at a friend's apartment.  She went to sleep between four-thirty and five o'clock on the morning of October 26th.  After she woke up, she went next door to the apartment of Roberta Patterson.  She knocked on Patterson's door, and Vaughn, who lived with Patterson, appeared.  Vaughn asked Sanders to go outside to talk with him, and Sanders followed Vaughn outside to the alley. Vaughn beat Sanders up, and she lost consciousness.

When Sanders regained consciousness, she called the police.  Indianapolis Police Officer Paul Humphrey reported to the scene, where he found Sanders "semi-conscious," "very hysterical," "scared," and "bleeding pretty hard from a laceration to the head."  …  She reported that Vaughn beat her. Sanders was taken to the hospital, and a few days later she had surgery to repair a broken jaw.

On November 6, 2002, the State charged Vaughn with robbery, a Class A felony.  On November 11, 2002, he was charged with battery, a Class C felony.  Vaughn waived his right to a jury trial and was tried by the court. On Vaughn's motion under Trial Rule 41(B), the court dismissed the robbery

2

charge because the State presented insufficient evidence. However, the court found Vaughn guilty of battery. The court sentenced Vaughn to six years in the Department of Correction.

*Vaughn v. State*, No. 49A02-0306-CR-481, slip op. at 2-3 (Ind. Ct. App. January 26, 2004) (footnote and internal citation to record omitted), *trans. denied*.

Vaughn filed a pro se PCR petition on August 9, 2010. In it, the grounds for relief were stated in the most general of terms, i.e., that his "conviction and sentence is in violation of the DUE Process Clause of the Fourteenth Amendment, the Sixth Amendment of the United States Constitution and Art. 1 section 1, 13, and 18 of the Indiana Constitution and the laws of the state [.]" *Appellant's Appendix* at 88. In the "facts" section of his PCR petition, however, Vaughn clarified more precisely the nature of the complained-of errors, viz.:

> After pleading not guilty, at the initial hearing, the State moved to amend the Charge of Battery. During Mr. Vaughn's depositions, his counsel's duped performance shaped the States [sic] *vindictive* intent. Mr. Vaughn was then rushed to trial by the court, after waiving his right to trial by jury. Mr. Vaughn's counsel together with the State, orchestrated its plot to destroy the fact-finder process coerced the victim to perjure herself about who battered her. The partial trial by the court resulted in fundamental error, because the court disbelieved the states [sic] charge involving the robbery and in the same breath believes that Mr. Vaughn's intent the [sic] beat the victim was for no *substantial* reason.

*Id.* at 89 (emphasis in original). It would appear, at least from the transcript of the post-conviction hearing, that Vaughn's PCR petition was based upon an allegation of ineffective assistance of trial counsel. During the evidentiary hearing held on Vaughn's PCR petition, Vaughn called his trial attorney, Mark Kamish, as a witness and questioned Kamish about

3

depositions he had conducted in Vaughn's case. Kamish recalled that the victim's testimony had changed during the course of the proceedings against Vaughn. He recalled that the victim testified that Vaughn had battered her. He also described his trial experience at the time he represented Vaughn. Vaughn presented no other evidence at the PCR hearing.

Vaughn submitted what he styled as proposed findings of fact and conclusions of law following the PCR hearing. In those proposed findings and conclusions, Vaughn went well beyond the scope of the allegations and evidence presented at the PCR hearing, and addressed several new issues that were neither presented in the PCR petition nor addressed at the hearing. These included (1) prosecutorial misconduct, (2) what Vaughn labeled as "unfair trial", *Appellant's Appendix* at 122 and 145, involving an allegation that the trial judge was not impartial, (3) a Trial Rule 52(A) violation, and (4) sentencing error. For its part, the State filed proposed findings and conclusions indicating that Vaughn had waived these new issues because they were not included in his PCR petition and were available but not raised at the time of his direct appeal. The post-conviction court found against Vaughn on the ineffective-assistance-of-counsel claim and also determined that the four new claims were waived.

Following the post-conviction court's ruling, Vaughn filed a motion to correct error alleging newly discovered evidence and, it appears, alleging that the new claims were available pursuant to the fundamental-error doctrine. The post-conviction court denied the motion to correct error, and Vaughn appeals.

4

Before proceeding to the merits of his appellate claims, we note that Vaughn is proceeding pro se. Our Supreme Court recently explained that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *In re G.P.,* 4 N.E.3d 1158, 1164 (Ind. 2014). Accordingly, we will not "indulge in any benevolent presumption" on behalf of a pro se litigant, nor will we "waive any rule for the orderly and proper conduct of his appeal." *Foley v. Mannor,* 844 N.E.2d 494, 496 n. 1 (Ind. Ct. App. 2006).

1.

Vaughn contends he received ineffective assistance of trial counsel. Like the relevant section of his appellate brief, Vaughn's questioning of attorney Kamish at the post-conviction hearing shed little light on the precise basis for Vaughn's claims of deficient performance. It appears to involve a deposition or depositions taken by attorney Kamish in preparation for Vaughn's trial. Vaughn seems to claim that Kamish used the information gleaned from this deposition or these depositions in order to, in effect, bolster the State's case against Vaughn. That is, he seems to claim that because trial counsel asked questions of the victim during a pretrial deposition that were similar to a line of questions later posed by the State, attorney Kamish therefore conspired with the State conspired to manufacture the victim's testimony and thereby helped the State prove its case.

In a post-conviction proceeding, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013). "When appealing the denial of post-conviction relief, the petitioner stands in

the position of one appealing from a negative judgment." *Id.* at 1138 (quoting *Fisher v. State,* 810 N.E.2d 674, 679 (Ind. 2004)). In order to prevail, the petitioner must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite the post-conviction court's conclusion. *Bethea v. State*, 983 N.E.2d 1134. Although we do not defer to a post-conviction court's legal conclusions, we will reverse its findings and judgment only upon a showing of clear error, i.e., "that which leaves us with a definite and firm conviction that a mistake has been made." *Id*. at 1138 (quoting *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind. 2000)).

A petitioner will prevail on a claim of ineffective assistance of counsel only upon a showing that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the petitioner. *Bethea v. State*, 983 N.E.2d 1134. To satisfy the first element, the petitioner must demonstrate deficient performance, which is "representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 1138 (quoting *McCary v. State,* 761 N.E.2d 389, 392 (Ind. 2002)). To satisfy the second element, the petitioner must show prejudice, which is "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 1139. There is a "strong presumption" that counsel rendered adequate service. *Id*. Because a petitioner must prove both elements in order to succeed, the failure to prove either element defeats the claim. *See Young v. State,* 746 N.E.2d 920 (Ind. 2001).

6

The nature of this claim can perhaps best be gleaned from the following exchange at the post-conviction hearing, during which the court continued its effort to understand the gist of Vaughn's argument:

> THE COURT: So is your position that the State would not have known that you hit Ms. Sanders if Mr. Kamish had not taken the deposition?
>
> THE PETITIONER: No. I'm saying that Mr. Kamish, if he had objected, if he had objected to not only the court's questioning, because the court raised the question, because the court thought that the reason why I had battered Ms. Sanders was because I was having drug transactions with Ms. Sanders, and there was no drug transactions at all. So – and this was during the State's direct examination. So the State simply laid out a direct examination based on the idea of the reason why I had battered her, because this is an innocence claim. This is a straight-forward, statutory challenge under battering this woman for no reason [sic]. But like I said, the Trial Rule 52 (A) position, the standard is evidence supports the findings and findings support the evidence, and I know you know that, but the evidence in this case by the direct – in the direct appeal – in the direct examination by the State says that I battered Ms. Sanders. So what I'm saying is that even though I was acquitted of robbery, the court still found that the State had sustained its burden. And since Indiana doesn't have a standard of proof instruction, then the burden that the State satisfied, the only thing it satisfied is that I battered this woman because I took her money, so it found me not guilty for robbery on one end and then it turned around and found me guilty for robbery again. So that's why I was asking Mr. Kamish, by his prejudicial behavior, by opening the door of the reason why I borrowed the money, it mirrored – the State mirrored that same exact line of questioning in order to show that I had battered this woman for no apparent reason.

*Transcript* at 21-22. In order to substantiate this claim, Vaughn was required to present evidence that proved counsel did what Vaughn alleged he did. We can find no such evidence. In fact, the only evidence presented by Vaughn at the PCR hearing came in the form of his direct examination of attorney Kamish. Nothing in attorney Kamish's testimony indicated that he (Kamish) in any way contributed to Vaughn's conviction by

7

virtue of something he did or did not do while deposing the victim. We note as an aside that this conclusion is necessarily based largely upon the parties' descriptions and summaries of the victim's deposition, because Vaughn failed to include the deposition of Sanders in the appellate materials. The trial court did not err in finding that Vaughn failed to prove by a preponderance of the evidence that trial counsel rendered deficient performance.

With respect to the remaining four claims – the new matters addressed in Vaughn's proposed findings of fact and conclusions of law – they were waived on multiple grounds. In the first place, issues not raised in a PCR petition may not be raised for the first time on post-conviction appeal. *Pruitt v. State*, 903 N.E.2d 899 (Ind. 2009). As indicated above, Vaughn did not present the additional issues in his PCR petition, nor did he address them at the hearing. In the second place, "[i]ssues available but not raised on direct appeal are waived[.]" *Wilkes v. State*, 984 N.E.2d 1236, 1240 (Ind. 2013) (quoting *Pruitt v. State*, 903 N.E.2d at 899). The four new issues addressed by Vaughn in his proposed findings and conclusions, i.e., prosecutorial misconduct, the alleged partiality of the trial judge, the validity of the trial court's T.R. 52(A) findings, and sentencing error, were available but not raised on direct appeal.

Moreover, Vaughn seems to make a passing argument that the fundamental error doctrine permits him to raise freestanding claims of error in a post-conviction proceeding. This is not correct. As our Supreme Court has explained, "[i]n post-conviction proceedings, complaints that something went awry at trial are generally cognizable only

when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State*, 765 N.E.2d 591, 592 (Ind. 2002). These four issues were waived

2.

At the post-conviction hearing, Vaughn asked the trial court to take judicial notice of what he describes as "a recorded out-of-court voluntary statement of Sanders". *Appellant's Brief* at 22. The State objected on multiple grounds, including that Vaughn had not submitted the statement in pretrial discovery and that the statements would constitute hearsay. The trial court sustained the objection, explaining that it was "not going to take notice of a document that was not introduced into evidence or turned over during discovery." *Transcript* at 12. Vaughn later submitted a document entitled "Motion to Correct Error: Based on Evidence Outside the Record," *Appellant's Appendix* at 173, in which he challenged the exclusion of Sanders's statement. The trial court denied the motion to correct error. Vaughn contends the post-conviction court erred in denying his motion to correct error.

The ruling on a claim of newly discovered evidence in a post-conviction proceeding "is considered a discretionary ruling and is reviewed deferentially." *Dickens v. State*, 997 N.E.2d 56, 61 (Ind. Ct. App. 2013), *trans. denied*. Our Supreme Court has set out the following factors to consider when reviewing such a ruling:

> [N]ew evidence will mandate a new trial only when the defendant demonstrates that: (1) the evidence has been discovered since the trial; (2) it is material and relevant; (3) it is not cumulative; (4) it is not merely

9

impeaching; (5) it is not privileged or incompetent; (6) due diligence was used to discover it in time for trial; (7) the evidence is worthy of credit; (8) it can be produced upon a retrial of the case; and (9) it will probably produce a different result at retrial.

*Taylor v. State*, 840 N.E.2d 324, 329-330 (Ind. 2006). We analyze these factors "with care, as the basis for newly discovered evidence should be received with great caution and the alleged new evidence carefully scrutinized." *Id.* at 330

We need look no further than the first factor listed to decide this issue. In order to qualify as newly discovered evidence, the petitioner must prove that the evidence in question was discovered since trial and that he used due diligence to discover it before trial. Vaughn has presented no evidence to prove either that the statement by Sanders to police was unavailable at the time of trial, or that he used due diligence to discover it during that period of time. The trial court did not err in denying Vaughn's motion to correct error.[1]

3.

Vaughn contends the post-conviction court's findings of fact and conclusions of law were inadequate. As best we understand it, this claim is based almost entirely upon the fact that the trial court refused to consider matters and materials that Vaughn sought to inject into the post-conviction proceeding, but which had not been alleged in his PCR petition or produced in discovery, viz.:

Here, Vaughn states and repeats that the State wishes that this court on appeal will over look [sic] that the P-C.R. Ct. deliberately rejected the trial and P-

---

[1] Because we have affirmed the denial of Vaughn's request to introduce Sanders's statement to police in the context of his challenge to the ruling on the motion to correct error, we need not address a separate hearsay argument presented by Vaughn regarding the statement's admissibility.

10

C.R. records in order to avoid ever establishing a controversy. The P-C.R. Ct. found itself searching for a way to substantiate the States [sic] avoidance of Vaughn's trial rule [sic] 32(A)(1) claim. The State contends that Vaughn' [sic] deposition claim was an attempt to raise a cross-examination claim. The P-C.R. Ct. flips the claims in order to fit the term extrapolated into trail [sic] counsel failure to use deposition [sic] to put the State's case to an adequate adversarial test.

*Appellant's Brief* at 35. We have already determined that those issues were waived.

Therefore, we also conclude that the trial court's findings were not inadequate on the basis

that they failed to cite evidence for the purpose of addressing the waived issues on the

merits.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.