## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 14 2018, 8:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry W. Rexing
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry W. Rexing,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 14, 2018

Court of Appeals Case No.
82A01-1710-PC-2545

Appeal from the Vanderburgh
Superior Court

The Honorable Robert J. Pigman,
Judge

Trial Court Cause No.
82D03-1404-PC-5

**Baker, Judge.**

[1] Terry Rexing appeals from the denial of his petition for post-conviction relief. He raises multiple arguments, which we restate as follows: he received the ineffective assistance of trial counsel because counsel should have (1) conducted additional investigations; (2) handled a proposed plea agreement for a witness who testified against Rexing differently; (3) objected to instances of alleged prosecutorial misconduct; and (4) objected to the habitual offender enhancement imposed by the trial court. He also contends that appellate counsel was ineffective for raising these issues in his direct appeal. Finding no error, we affirm.

# Facts

[2] The underlying facts as described by this Court in Rexing's direct appeal are as follows:

> Anthony Werne leased an apartment located above an insurance agency in Evansville. An elementary school is just across the street. In March 2012, Werne allowed Rexing to move in. Rexing slept in the apartment's one bedroom, and Werne slept on a couch. Rexing kept his belongings in the bedroom and frequently locked the door to the bedroom even when he was not present.

> On August 2, 2012, Werne purchased medicine containing pseudoephedrine, a precursor of methamphetamine. He gave the medicine to Rexing. In addition, at Rexing's request Werne contacted an acquaintance to see if he had any plastic tubing. Later that day, Werne was watching television in the apartment when Rexing walked out of the bedroom. Rexing told Werne that something in the bedroom had caught fire, and he needed help. Werne went into the bedroom and saw a small fire on the

floor under a window. Werne put out the fire with water, and as he did so Rexing picked up items on the bedroom floor.

Meanwhile, firefighters were dispatched to Werne's apartment in response to a report of smoke coming out of the building. When the firefighters arrived, Werne, acting on Rexing's instructions, initially refused to let them in. The firefighters entered the apartment despite Werne's objections and told the men to evacuate. Werne and Rexing went outside. When a police officer arrived, Rexing tried to walk away, but the officer stopped him from leaving.

A fire investigator entered the apartment and found two burnt areas, one on the floor under a window, and another in a closet. The investigator also saw precursors and other items used in the manufacture of methamphetamine. He concluded that someone had been making methamphetamine under the window when the apparatus caught fire, and someone had then placed the burnt items in the closet.

Meanwhile, a police officer interviewed Rexing. Rexing claimed that Werne slept in the bedroom and owned the precursors and other methamphetamine-related items that were found there.

The State charged Rexing with dealing in methamphetamine as a Class B felony, possession of precursors with intent to manufacture a controlled substance, maintaining a common nuisance, false informing, criminal recklessness, and being a habitual substance abuser. Rexing filed a request for a speedy trial. Prior to trial, the State amended the charging information to increase the charge of dealing in methamphetamine to a Class A felony, alleging that Rexing committed the offense within 1000 feet of a school. The State also charged Rexing with being a habitual offender. The trial court permitted the amendments over Rexing's objection.

In addition, prior to trial the State notified Rexing that it intended to present to the jury evidence that Rexing had

purchased medicine containing pseudoephedrine several times and that stores had blocked him from purchasing medicine containing pseudoephedrine several times in the months prior to the fire. Rexing objected and filed a motion in limine. The trial court denied his motion after a hearing.

Rexing was tried on all counts except being a habitual offender. Among other evidence, the State presented testimony and an exhibit to show that Rexing had twice purchased medicine containing pseudoephedrine and that stores had twice blocked him from purchasing medicine containing pseudoephedrine in the month prior to the apartment fire. The jury found him guilty as charged.

*Rexing v. State*, No. 82A01-1212-CR-561, at *1-*2 (Ind. Ct. App. Sept. 23, 2013). Rexing admitted to being an habitual offender. The trial court sentenced him to thirty years for the Class A felony dealing in methamphetamine conviction and enhanced that sentence by thirty years for the habitual offender finding. The sentences on the other counts were ordered to be served concurrently, meaning that Rexing received an aggregate sixty-year term.

[3] Rexing filed a direct appeal, arguing that the trial court erred by allowing the State to amend the charging information; the trial court erred by admitting certain evidence; there was insufficient evidence supporting the Class A felony conviction; and the sentence was inappropriate. This Court affirmed. *Id.* at *5.

[4] On April 4, 2014, Rexing filed a petition for post-conviction relief, arguing that he received the ineffective assistance of trial and appellate counsel. He filed an

amended petition on May 11, 2017. Following briefing, the post-conviction court denied the petition on September 28, 2017. Rexing now appeals.

# Discussion and Decision

The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

# I. Ineffective Assistance of Trial Counsel

Rexing argues that his trial counsel was ineffective for a variety of reasons. A claim of ineffective assistance of trial counsel requires a showing that:

(1) counsel's performance was deficient by falling below an objective standard of reasonableness based on prevailing professional norms; and (2) counsel's performance prejudiced the defendant such that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Davidson v. State*, 763 N.E.2d 441, 444 (Ind. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reasonable probability arises when there is a 'probability sufficient to undermine confidence in the outcome.'" *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either of the two prongs will cause the claim to fail." *Gulzar v. State*, 971 N.E.2d 1258, 1261 (Ind. Ct. App. 2012).

## A. Additional Investigation

[7] First, Rexing contends that trial counsel should have done a more extensive investigation to find exculpatory evidence and to find evidence of an alleged *Miranda*[1] violation. Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Boesch v. State*, 778 N.E.2d 1276, 1284 (Ind. 2002). The petitioner bears the burden to show what additional useful evidence further investigation would have revealed. *McKnight v. State*, 1 N.E.3d 193, 201 (Ind. Ct. App. 2013).

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

# 1. Seeking Additional Evidence

It is not entirely clear, but Rexing appears to be arguing that his trial counsel failed to adequately investigate who obtained the methamphetamine precursors because counsel did not seek receipts for or fingerprints from the items or review surveillance videos from stores. But Rexing has not presented any fingerprint or video evidence during the post-conviction proceedings to show that it was available or would have been in his favor. Therefore, he has presented no new evidence establishing a reasonable probability of a different result. In other words, he has failed to show prejudice.

Moreover, it is apparent that trial counsel decided to use the lack of fingerprint and video evidence as part of the defense strategy. During closing argument, counsel highlighted the fact that there were no fingerprints, DNA, or direct evidence from stores connecting Rexing to the purchase of the precursors. We will not second-guess this eminently reasonable trial strategy. The post-conviction court did not err by finding trial counsel was not ineffective for this reason.[2]

---

[2] Rexing attempts to bootstrap in an insufficient evidence claim by arguing that trial counsel should have investigated the fact that the evidence of methamphetamine manufacturing was circumstantial because no actual methamphetamine was found. It is apparent that he is actually arguing that the evidence was insufficient to support this conviction, which is not an argument available in post-conviction proceedings. *Sanders v. State*, 765 N.E.2d 591, 591-92 (Ind. 2002).

## 2. *Miranda* Violation

[10]     Rexing also contends that trial counsel should have investigated an alleged *Miranda* violation.  Evidently, counsel filed a motion to suppress on this basis, but as neither the motion nor an affidavit from counsel is present in the record on appeal, we have no way to evaluate it.[3]

[11]     Essentially, the only evidence in the record suggesting that Rexing was not provided with *Miranda* warnings prior to speaking with police is his own self-serving claim in his post-conviction affidavit.  Rexing claims that he was arrested and questioned by Officer Shawn Smith before the other officers arrived and that Officer Smith did not advise him of his *Miranda* rights.

[12]     Officer Smith, however, presented no testimony at trial regarding any statements made by Rexing.  He described being the first officer on the scene and detaining Rexing because he was walking away from the apartment and ignoring commands to stop.  The State never presented any evidence suggesting that Rexing made any admission to Officer Smith.  Under these circumstances, further investigation by trial counsel would not have ended in a different result, as it is apparent that there was no admitted evidence based on a *Miranda* violation.  Therefore, Rexing was not prejudiced and the post-conviction court did not err in this regard.

---

[3] It appears counsel abandoned the motion after further investigation and discussion with Rexing.

# B. Werne's Plea Agreement

[13]    Next, Rexing argues that trial counsel should have handled a proposed plea agreement for Werne differently. Werne was the person with whom Rexing was living when their apartment caught fire. Like Rexing, Werne faced drug-related criminal charges as a result and, ultimately, Werne testified against Rexing. The evidence in the record reveals that at some point before Rexing's trial, the State offered Werne a plea agreement. At the time of trial, no agreement had been reached, nor is there any evidence that the offer was contingent on Werne testifying against Rexing. At trial, Rexing's trial counsel questioned Werne about his testimony:

> Q:    I believe you have indicated to the Prosecutor that you got pending charges?
>
> A:    Yeah. I have a manufacturing charge, a precursor charge and a maintaining a house of a common nuisance.
>
> Q:    And are you getting a benefit for a bargain by testifying here today?
>
> A:    No sir.
>
> Q:    Have you discussed that with anyone?
>
> A:    No sir.
>
> Q:    You hope that your testimony here today will help you with your current charges?
>
> A:    It may, may not. I don't know.
>
> Q:    You're doing this out of the goodness of your heart to help society?

A: I'm doing this, I'm doing this because I am not the one that manufactured any methamphetamine.

Trial Tr. p. 44-45.

[14] Several days after Rexing's trial concluded, Werne accepted the State's plea offer. Rexing argues that at that point, his trial counsel should have filed a motion to correct error arguing that Werne had lied at trial when he denied receiving promises of favorable treatment in exchange for his testimony. But there is simply no evidence in the record suggesting that this was, in fact, the case. Rexing has not presented evidence in support of this contention, such as a copy of Werne's plea offer or testimony from Werne or the prosecutor, to show that Werne's trial testimony was false or misleading. Therefore, there is no evidence tending to suggest that if counsel had filed a motion to correct error, it would have been granted. Rexing has therefore failed to establish prejudice in this regard.[4] We find no error in the post-conviction court's resolution of this issue.

---

[4] Rexing also argues that counsel should have somehow impeached Werne regarding this issue. As evidenced by the portion from the transcript quoted above, however, it is apparent that counsel strongly questioned the motivations behind Werne's testimony. Counsel also made significant efforts to show that Werne was the principal drug manufacturer, forcefully cross-examining him on other grounds. Given this vigorous and capable questioning of Werne, the post-conviction court did not err by declining to find ineffective assistance on this basis.

# C. Prosecutorial Misconduct

[15] Rexing also maintains that trial counsel was ineffective for failing to object to supposed prosecutorial misconduct. First, he contends that counsel should have argued that the prosecutor committed misconduct by allowing Werne to provide false testimony regarding whether he received a benefit for testifying against Rexing. As noted above, there is no evidence in the record beyond Rexing's bald speculation that supports this assertion. Therefore, any attempt to make this argument would have been unsuccessful.

[16] Second, Rexing argues that counsel should have objected when the prosecutor supposedly vouched for Werne during closing arguments. Indeed, it is well established that a prosecutor "may not state his or her personal opinion regarding the credibility of a witness during trial, as such statements amount to vouching for a witness." *Brummett v. State*, 10 N.E.3d 78, 86 (Ind. Ct. App. 2015), *aff'd*, 24 N.E.3d 965 (Ind. 2015). A prosecutor may, however, "'comment as to witness credibility if the assertions are based on reasons arising from the evidence presented at trial.'" *Id.* (quoting *Thomas v. State*, 965 N.E.2d 70, 77 (Ind. Ct. App. 2012)). In this case, the prosecutor encouraged the jury to find Werne credible based on the evidence in the record:

> [Defense counsel] wants to say well Mr. Werne is doing this because well then he can't be found guilty. . . . You can aid and abet. So even if [Rexing is] found guilty [Werne] can still be found guilty for aiding and abetting. Mr. Werne is not going to get off scot-free. He's not free just because Rexing is being found guilty and for that reason believe that you can find him believable. His story was consistent from August 2nd to

yesterday. This is Mr. Rexing's lab. It's not Mr. Werne's and I ask you to find Mr. Rexing guilty.

Trial Tr. p. 217-28. This was not a case of the prosecutor improperly vouching for a witness based on personal opinion; instead, it was a proper request for the jurors to find Werne credible based on the evidence before them. Therefore, had trial counsel objected, it would have been overruled. We find no error with respect to the post-conviction court's resolution of this issue.

## D. Habitual Offender Enhancement

[17] Next, Rexing argues that trial counsel should have objected to the length of the sentence enhancement for the habitual offender finding. He directs our attention to the following comments made by the trial court before Rexing admitted to being an habitual offender:

> The Court's policy has always been that if a Defendant admits the habitual offender allegations then regardless of what the record is, the Court will not impose the maximum sentence. And so that's my policy. Now if there's a jury finding, if we have a trial and there's a jury finding, of course, you know, that's not the case. I'm not going to say you are going to get the maximum sentence but can't make that commitment if there's not an admission. Do you understand that?

*Id.* at 222. After hearing this policy and further discussing the enhancement with counsel and the trial court, Rexing admitted to being an habitual offender. Thereafter, the trial court sentenced Rexing to an advisory thirty-year sentence for Class A felony dealing in methamphetamine with a thirty-year enhancement

for being a habitual offender, as well as concurrent terms for the lower level offenses.

[18] Rexing argues that trial counsel should have objected to the enhancement because it violated the trial court's "promise" that implied a lesser sentence if he admitted to being an habitual offender.[5] But the trial court had no discretion to impose anything less than a thirty-year enhancement because it attached to the Class A felony conviction. At that time, the habitual offender enhancement could be no less than the advisory sentence of the offense being enhanced— which was thirty years—and no greater than thirty years. Ind. Code § 35-50-2-8(h) (2012). In this case, therefore, the only possible enhancement was thirty years. Had trial counsel objected, the objection would have been overruled. Therefore, Rexing has failed to establish prejudice and the post-conviction court did not err by finding that counsel was not ineffective for this reason.[6]

## II. Ineffective Assistance of Appellate Counsel

[19] Finally, Rexing contends that the post-conviction court should have found that he received the ineffective assistance of appellate counsel. To establish

---

[5] The trial court explicitly factored Rexing's habitual offender admission into its decision to impose only an advisory term on the Class A felony conviction. Trial Tr. p. 230. Therefore, Rexing did, indeed, receive a benefit as a result of the admission.

[6] To the extent that Rexing makes a new argument that his habitual offender admission amounted to a guilty plea that was not knowing and voluntary, we note that he makes no claim that he was poorly advised by counsel on this issue. Instead, he claims he was poorly advised by the trial court. Therefore, this is not a proper claim of ineffective assistance and amounts to a new freestanding claim that he did not raise in his post-conviction petition. Consequently, we will not consider it. *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001).

ineffective assistance of appellate counsel, the petitioner must show that (1) appellate counsel was deficient in his or her performance, *and* (2) the deficiency resulted in prejudice. *Hollowell v. State*, 19 N.E.3d 263, 269 (Ind. 2014). Failure to satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

[20] Rexing claims, essentially, that appellate counsel should have argued in his direct appeal that trial counsel was ineffective for all the reasons already explored in this decision. Initially, we note that we have already found that these claims lack merit. Moreover, these claims were still available to be raised in post-conviction proceedings and could have been developed with a better record. Finally, appellate counsel did raise several, much stronger claims in Rexing's direct appeal. Under these circumstances, the post-conviction court did not err by finding that Rexing did not receive the ineffective assistance of appellate counsel.

[21] The judgment of the post-conviction court is affirmed.

Kirsch, J., and Bradford, J., concur.