## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 04 2019, 6:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Anthony Smolen, *Appellant-Defendant,* | September 4, 2019 |
| | Court of Appeals Case No. 18A-CR-3012 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Salvador Vasquez, Judge |
| | Trial Court Cause No. 45G01-1512-F1-9 |

**May, Judge.**

[1]     Scott Anthony Smolen appeals his convictions of Level 1 felony child molesting[1] and Level 4 felony child molesting.[2]  Smolen argues the court's allegedly improper jury instruction violated his right against self-incrimination and the trial court abused its discretion by ordering Smolen to serve his sentences consecutively.  We affirm.

## Facts and Procedural History

[2]     In April 2015, Smolen was dating T.B.'s mother.  T.B. thought of Smolen as a father figure and referred to him as "dad" or "daddy."  (Tr. Vol. II at 115.)  Smolen lived with T.B., her mother, her grandmother, and her three sisters.  At the time, T.B. was thirteen and Smolen was twenty-three.  That same month, Smolen and T.B. had sex for the first time.  Smolen and T.B. engaged in some sort of sexual activity every day for several months.

[3]     T.B. and Smolen would write letters and notes back and forth.  In December 2015, T.B. accidently left multiple of their notes in the back of a library book.  A librarian discovered these notes and became concerned over the sexually explicit matter in the notes.  The librarian contacted the police.  Two days later, police interviewed Smolen.  Smolen admitted it was his handwriting on the notes but accused T.B. of trying to touch him.  Later, Smolen admitted having

---

[1] Ind. Code § 35-42-4-3(b) (2015).

[2] Ind. Code § 35-42-4-3(a)(1) 2015).

sex with T.B., but he claimed it only happened once. Smolen also admitted T.B. had touched his penis approximately twenty-five times.

[4] On December 18, 2015, the State charged Smolen with one count of Level 1 felony child molesting and one count of Level 4 felony child molesting. A jury found Smolen guilty of both counts. The trial court sentenced Smolen to consecutive terms of thirty years for Level 1 felony child molesting and four years for Level 4 felony child molesting, for an aggregate sentence of thirty-four years.

# Discussion and Decision

## Jury Instruction

[5] Smolen first argues the trial court improperly instructed the jury.

> Upon review of a trial court's decision to give or refuse a jury instruction, we apply an abuse of discretion standard. *Treadway v. State*, 924 N.E.2d 621, 636 (Ind. 2010) (internal citation omitted). "[T]his Court considers: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions which are given." *Guyton v. State*, 771 N.E.2d 1141, 1144 (Ind. 2002) (internal citation omitted). Reversal arises "only if the appellant demonstrates that the instruction error prejudices his substantial rights." *Treadway*, 924 N.E.2d at 636 (internal citation omitted).

*Hernandez v. State*, 45 N.E.3d 373, 376 (Ind. 2015).  For prejudice to arise, "the instructions taken as a whole must misstate the law or otherwise mislead the jury."  *Brooks v. State*, 895 N.E.2d 130, 132 (Ind. Ct. App. 2008).

[6]     Jury instruction 5 originally stated:

> A determination of the Defendant's intent may be arrived at by the jury from a consideration of the Defendant's conduct and the natural and usual consequences to which such conduct logically and reasonably points.

(App. Vol. II at 47.)   Smolen objected at trial, arguing the instruction unduly prejudiced him because "even though there's an instruction that says he doesn't have to testify, this instruction implies . . . if he didn't testify, then you can infer what you want from that."  (Tr. Vol. II at 174.)  As a result of Smolen's argument, the trial court revised jury instruction 5 to state:

> A determination of the Defendant's intent *to arouse* may be *inferred* by the jury from a consideration of the Defendant's conduct and the natural and usual consequences to which such conduct logically and reasonably points.

(App. Vol. II at 68) (emphasis added).

[7]     On appeal, Smolen argues this instruction violated his right to be free from self-incrimination because it permitted the jury to find the intent element based on Smolen's conduct at trial.  (Appellant's Br. at 8.)  We disagree, because "the Defendant's intent" and "the Defendant's conduct" at issue are Smolen's intent and conduct at the time the crimes were alleged to have occurred.  (App. Vol. II

at 68.)  This should have been obvious to the jury as "intent to arouse" was an element of the crime allegedly committed and the jury received instructions as to the elements of each crime.  (*See* id. at 51) (jury instruction listing elements of Level 4 felony child molesting).  Smolen has failed to demonstrate any juror would have made the inference he asserts as error.  *See Davis-Martin v. State*, 116 N.E.3d 1178, 1192 (Ind. Ct. App. 2019) (defendant failed to establish how jury instruction would create irreversible error).

[8]   Furthermore, "[w]e consider the jury instructions as a whole, and in reference to each other." *Isom v. State*, 651 N.E.2d 1151, 1152 (Ind. 1995).  Jury instruction 14 states:

> No defendant may be compelled to testify.  A defendant has no
> obligation to testify.  The defendant in this case did not testify
> and you must not consider this in any way.

(App. Vol. II at 77.)  This instruction tells the jury Smolen was not required to testify and they may not consider his decision whether to testify as evidence of his guilt or innocence.  This instruction, when considered with jury instruction 5, directs the jury to determine Smolen's intent from the evidence presented at trial and not from Smolen's action at trial.  *See Aldana v. School City of East Chicago*, 769 N.E.2d 1201, 1211 (Ind. 2002) (given jury instruction, when considered as a whole with all instructions, removed any unduly prejudicial impact), *trans. denied*.  Smolen has not demonstrated the trial court abused its discretion in instructing his jury.

## Consecutive Sentences

[9] Smolen asserts the trial court abused its discretion when ordering his sentences served consecutively. Whether to impose consecutive or concurrent sentences is within the trial courts sound discretion and is reviewed only for an abuse of discretion. *Gellenbeck v. State*, 918 N.E.2d 706, 712 (Ind. Ct. App. 2009). The trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[10] "[T]he court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the: (1) aggravating circumstances . . . and (2) mitigating circumstances . . . in making a determination under this subsection[.]" Ind. Code § 35-50-1-2(c). "To impose consecutive sentences, the trial court must find at least one aggravating circumstance." *Jones v. State*, 705 N.E.2d 452, 455 (Ind. 1999).

[11] The trial court specifically noted the seriousness of the crimes, Smolen's position of trust, and the impact of the abuse on T.B.'s life. The trial court also found the multiple instances of abuse to be an aggravating circumstance. Thus, the trial court did not abuse its discretion by ordering Smolen to serve his sentences consecutively. *See O'Connell v. State*, 742 N.E.2d 943, 952 (Ind. 2001) (multiple victims or multiple crimes justifies imposing consecutive sentences).

# Conclusion

[12] Smolen's jury instructions did not violate his right against self-incrimination, and the trial court did not abuse its discretion by sentencing Smolen to consecutive sentences because it found as an aggravating circumstance that Smolen abused T.B. multiple times. Accordingly, we affirm.

[13] Affirmed.

Mathias, J., and Brown, J., concur.